UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60838-CIV-ZLOCH

HOWARD HELFANT,

      Movant,

vs.                            **O R D E R**

UNITED STATES OF AMERICA,

      Respondent.

_____/

THIS MATTER is before the Court upon Movant Howard Helfant's Motion To Vacate Sentence And Set Aside Guilty Plea By Person In Federal Custody Under 28 U.S.C. § 2255 (DE 1). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

This action is one of the last vestiges of a prosecution for violations of the Controlled Substances Act commenced in 2007 for behavior in 2003-2004. After a three-year investigation, the Government obtained an Indictment charging 14 individuals and 7 corporate parties with distributing controlled substances illegally. After a protracted two-year pretrial period, a seven week trial was held in the Spring of 2009. At the close of the Government's case-in-chief, the Court granted a Rule 29 motion and acquitted one Defendant. During the Defense case-in-chief, a mistrial with prejudice was granted and four Defendants were dismissed. After submission of the case to the jury, a mistrial was declared as to the remaining Defendants resulting from juror misconduct. These Defendants stated that they were ready for retrial the Monday following. Ultimately, though, after reviewing

its prospects for success after the evidence that came out at trial, the Government moved to dismiss all charges against all remaining Defendants. The Court granted its Motion and dismissed the case. <u>See</u> Case No. 07-60027-CR-Zloch, DE 1217.

Long before the trial, on October 11, 2007, Movant Howard Helfant pled guilty to Count 1 of the Indictment, <u>id.</u>, DE 3, which charged him with conspiring to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D), & (b)(2). <u>See id.</u>, DE 722. The Court accepted the plea, adjudged him guilty, and later imposed a sentence of 14 months in prison, 3 years of supervised release, and a $100 special assessment. <u>Id.</u>, DE 791. Movant now moves to vacate his sentence and set aside his conviction, arguing that his conviction is a miscarriage of justice because he could have asserted a valid advice of counsel defense at trial. Case No. 09-60838-CIV-Zloch, DE 1, p. 5. His advice of counsel defense is the justification for granting the instant Motion, he asserts, because the Government based its decision to seek dismissal of the criminal case on all Defendants' viable advice of counsel defense, to which it was not privy before the trial. <u>See</u> Case No. 07-60027-CR-Zloch, DE 1214 (Government's Motion To Dismiss). Thus, Movant argues, the advice of counsel defense

> that the government became aware of during the trial in
> this matter, cited by the government in it [sic] motion
> to dismiss indictment with prejudice (DE 1214), appl[ies]
> with equal force and effect to Helfant had he proceeded
> to trial.  Helfant not only relied upon the advice of
> counsel to [his co-Defendants], which was conveyed to
> him, he also relied upon the advice of an independent
> counsel.

Case No. 09-60838-CIV-Zloch, DE 1, p. 5.  He essentially seeks to

join in the advice of counsel defense of the previously dismissed co-Defendants and the Government's dismissal of them.[1]

A person in federal custody may move to set aside his conviction and sentence upon collateral attack in certain circumstances.  28 U.S.C. § 2255.  However, if the person was convicted upon a plea of guilty, the only ground for vacating the conviction is that the plea was not both counseled and voluntary. United States v. Broce, 488 U.S. 563, 569 (1989); United States v. Kaiser, 893 F.2d 1300, 1302 (11th Cir. 1990).[2]  Otherwise, a person "who enters an unconditional plea of guilty waives all nonjurisdictional challenges to the conviction." United States v. Betancourth, 554 F.3d 1329, 1334 (11th Cir. Jan. 13, 2009).

The only ground asserted by Movant is that his conviction and sentence worked a miscarriage of justice and must therefore be vacated.  This is a nonjurisdictional argument and is, therefore, waived.  Broce, 488 U.S. at 569; Betancourth, 554 F.3d at 1334. Movant makes no other argument touching on the question of whether his plea of guilty was counseled and voluntary, the only ground available to him.

Words escape the Court for ways to describe the filing of the instant Motion.  The United States Government, which was responsible for instigating the underlying criminal action, has

---

[1] As to the timeliness of this Motion, the Government has waived any defense based on the statute of limitations.  DE 4, p. 12.  Therefore, the instant Motion is deemed timely.

[2] Narrow exceptions to this general rule exist and depend on whether the court had the constitutional power to convict the person.  See Blackledge v. Perry, 417 U.S. 21 (1974); Menna v. New York, 423 U.S. 61 (1975) (per curiam).  They are irrelevant here.

notified Movant and his Counsel that it would agree to the granting
of a Motion To Vacate on the basis of ineffective assistance of
counsel.  See DE 1, Ex. B.  The Government argues, rightly, that
Movant is foreclosed from attacking his conviction and sentence by
virtue of his plea, except to say that it was not voluntary and
counseled.  DE 4, pp. 13-14, citing Broce, 488 U.S. at 569.  This
includes arguing ineffective assistance because the ineffective
assistance of counsel at a change of plea hearing prohibits a
finding that the plea was counseled and voluntary.  "For a guilty
plea to 'represent an informed choice' so that it is
constitutionally 'knowing and voluntary,' the '[c]ounsel must be
familiar with the facts and the law in order to advise the
defendant of the options available.'"  Finch v. Vaughn, 67 F.3d
909, 916 (11th Cir. 1995) (quoting Scott v. Wainright, 698 F.2d
427, 429 (11th Cir. 1983)).  Why Movant, and his Counsel, did not
accept this offer is a mystery.

    Regarding any ineffectiveness, Movant's Counsel claims that
the conviction of his client resulted only from his inability to
convince him to proceed to trial.  DE 1, p. 4 n.1.  That is, his
client's conviction did not result from his own ineffectiveness as
counsel.  He defends his performance as Movant's counsel in the
criminal case, but argues that the conviction should nevertheless
be vacated.  He states, in a footnote: "Undersigned counsel agrees
. . . that it was likely that no crime had been committed and
therefore counsel's only ineffectiveness was the inability to
convince Helfant, despite efforts to do so, that Helfant should
proceed to trial."  Id.  This is a very different story than he

gave to this Court when he stood before it at Movant's change of plea hearing:

| | |
|---|---|
| The Court: | Mr. Voluck, you have discussed the charge in Count One fully with your client? |
| Mr. Voluck: | Yes, I have, Your Honor. |
| The Court: | You have given Mr. Helfant the benefit of your advice and counsel regarding the charge to which he intends to plead guilty? |
| Mr. Voluck: | Yes, I have, Your Honor. |
| The Court: | And, Sir, based on your observations has Mr. Helfant understood your counseling and advice? |
| Mr. Voluck: | Yes. |
| The Court: | And, Sir, are you satisfied as to his guilt regarding the charge in Count One? |
| Mr. Voluck: | Yes, I am, Your Honor. |
| The Court: | Do you join in his decision to plead guilty? |
| Mr. Voluck: | Yes, I do. |

Transcript of Change of Plea Hearing, DE 4-7, pp. 41-42 (emphasis added).

The text of Movant's plea colloquy makes clear that Mr. Jeffrey Voluck, Esq., Counsel for Movant, was of the belief that his client was guilty of the crime charged in Count 1 of the Indictment and that pleading guilty was in his best interest. Either that, or Mr. Voluck lied to this Court. What is clear is that Movant cannot now claim that his conviction and sentencing was a miscarriage of justice. He waived that claim. Betancourth, 554 F.3d at 1334.

Even assuming, for the sake of argument, that Movant did not waive the argument that his conviction is a miscarriage of justice, the instant Motion could not be granted. A miscarriage of justice occurs when one actually innocent of a crime is convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991) ("These are

5

extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.  We have described this class of cases as implicating a fundamental miscarriage of justice.") (citation omitted); see also Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 908 n.10 (11th Cir. May 18, 2009) ("Owen does not claim he is actually innocent of the Worden murder.  The fundamental miscarriage of justice exception does not apply.").

Movant has offered no evidence or argument whatsoever to demonstrate that he is innocent of the crime of which he was convicted.  While the Court sat through the lengthy trial of Movant's co-Defendants, and then freely granted leave for the Government to dismiss the Indictment against them, the Court has not been privy to the case the Government has or had against Movant.  The Court will not assume what the evidence would have been or speculate about the strength of the Government's case against Movant.  As to his co-Defendants, the Government stated its position that it became aware that they had a valid advice of counsel defense that made it question the strength of its case.  On this basis, it moved to dismiss the Indictment.  The Court notes, however, that the position of the United States Attorney as to the strength of an advice of counsel defense is not controlling on, or even relevant to, the question of guilt.  The jury would have been free to accept or reject any Defendant's advice of counsel argument.  For this reason, Movant cannot now argue "me, too" in claiming that he is actually innocent, because his co-Defendants have not been adjudged actually innocent or even acquitted of any

crime, regardless of what the Government says.  The instant Motion offers no convincing demonstration that Movant is actually innocent of the crime charged in Count 1 of the Indictment, lawyerspeak notwithstanding.

The instant Motion brushes aside one very important fact about Movant: "[T]he only factual or legal difference between [Movant's] entitlement to relief and that of all the other co-defendants, who have been discharged, is the sole fact that unlike the other co-defendants, [he has] been sentenced."  DE 1, p. 5.  In this one sentence, the grounds for denying the instant Motion are summed up. Regarding the Defendants in this case who pled guilty but were not sentenced, the Court allowed them to withdraw their guilty pleas. See Case No. 07-60027-CR-Zloch, DE 1225, pp. 10-12.  This was done, as stated, prior to sentencing and is expressly provided for in the Criminal Rules.  Fed. R. Crim. P. 11(d)(2)(B).  Moreover, as to the Defendants who proceeded to trial, as well as those Defendants whose guilty pleas were withdrawn, the Government is free, with leave of the Court, to dismiss an indictment against an individual at any time prior trial.  Fed. R. Crim. P. 48(a).  After sentence is imposed, however, the avenues to vacate a conviction are severely restricted.  And in the situation of a person having been convicted upon a plea of guilty, they are limited to this one: only an uncounseled and involuntary plea gives rise to a right to relief in a collateral attack brought under § 2255.  Broce, 488 U.S. at 569.[3]  Movant's having been sentenced is nothing to so blithely

---

[3] That is, of course, aside from the exception for claims as to the jurisdiction of the court, which are not present here.

dismiss.

The situation in which Movant finds himself vis-à-vis his co-Defendants who proceeded to trial is almost identical to that faced by the defendant in Broce.  In that case, a federal grand jury returned an indictment charging the defendants ("the Broce defendants") with violating the Sherman Act by engaging in concerted acts to rig bids and suppress competition in highway construction projects in Kansas.  Fifteen months later, a second indictment was returned against the Broce defendants charging other violations of the Sherman Act by another set of concerted acts to rig bids and suppress competition Kansas highway construction projects.  The Broce defendants entered voluntary guilty pleas to each indictment and were convicted thereupon.  Sentences were imposed and, no Broce defendant having appealed, the judgments became final.  488 U.S. at 565-66.  On the same day the Broce defendants entered their pleas of guilty, an indictment was returned in a separate criminal case against other defendants ("the "Beachner defendants") charging similar conduct in a highway construction project.  The Beachner defendants proceeded to trial and were acquitted.  After this first trial, a second indictment was returned against the Beachner defendants again charging violations of the Sherman Act.  They moved to dismiss the second indictment on the ground that the acts at issue in the second case were merely part of a larger statewide conspiracy involved in the first case.  By virtue of their acquittal in the first trial, then, the double jeopardy clause barred their retrial.  The district court granted the motion and dismissed the second indictment.  Id.

at 566-67.  The Tenth Circuit affirmed.  <u>United States v. Beachner</u>, 729 F.2d 1278 (10th Cir. 1984).  The <u>Broce</u> defendants then moved to have their convictions and sentences imposed in their second case vacated on the basis that they were but one larger conspiracy, as in the <u>Beachner</u> defendants' case.  Relief was denied, and the Supreme Court affirmed on the basis that the <u>Broce</u> defendants' pleas in their two criminal cases were admissions of the Government's allegations of separate conspiracies.  <u>Broce</u>, 488 U.S. 567-68.  These admissions inherent in the guilty pleas "foreclosed and concluded new arguments to the contrary."  <u>Id.</u> at 568.

In the criminal case underlying the instant action, Movant was indicted along with 20 other Defendants.  Relatively early he entered a plea of guilty and was sentenced accordingly, while most of his co-Defendants proceeded to trial.  As briefly recounted above, the Indictment was eventually dismissed against all non-sentenced co-Defendants.  They are now all free, their property having been returned, their sureties having been discharged, and their records reflecting no felony conviction for this matter.  As the Supreme Court noted, "[o]ne might surmise that the <u>Broce</u> defendants watched the <u>Beachner</u> proceedings with awe, if not envy." 488 U.S. at 567.  The same might be said about Movant in this action.

While the Court's unwillingness to vacate the judgment against a duly convicted and sentenced individual might strike Movant and his Counsel as unfair, there is nothing unfair about it.  Movant stood before the Court at the plea colloquy and stated, under oath, that he was guilty of the crime charged in Count 1 of the

Indictment.  Transcript of Change of Plea Hearing, DE 4-7, p. 42.
The Court had already informed Movant that his plea of guilty would
have the consequence of admitting that he committed the acts with
which he was charged in Count One of the Indictment and that the
Court would adjudge him guilty of the same.  Id. pp. 18-19.
Indeed, a plea of guilty "is more than a confession which admits
that the accused did various acts." Boykin v. Ala., 395 U.S. 238,
242 (1969).  It is an "admission that [the defendant] committed the
crime charged against him." North Carolina v. Alford, 400 U.S. 25,
32 (1970).  "By entering a plea of guilty, the accused is not
simply stating that he did the discrete acts described in the
indictment; he is admitting guilt of a substantive crime." Broce,
488 U.S. at 570.

Movant "had the opportunity, instead of entering [his] guilty
plea[], to challenge the theory of the indictment[] and to attempt
to show" that his conduct was not criminal.  Id. at 571.  He "chose
not to, and hence relinquished that entitlement.  In light of" the
result for his co-Defendants, Movant "may believe that [he] made a
strategic miscalculation.  Our precedents demonstrate, however,
that such grounds do not justify setting aside an otherwise valid
guilty plea." Id.  The law does not provide an avenue to vacate
Movant's conviction "merely because he discovers long after the
plea has been accepted that his calculus misapprehended the quality
of the State's case." Brady v. United States, 397 U.S. 742, 757
(1970).  Indeed, the Court "complied with Rule 11 in ensuring that
[Movant was] advised that, in pleading guilty, [he was] admitting
guilt and waiving th[e] right to a trial of any kind." Broce, 488

10

U.S. 574; <u>see</u> Transcript of Change of Plea Hearing, DE 4-7, pp. 18-19.  "A failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." <u>Broce</u>, 488 U.S. 574.  As stated above, Movant does not make this claim.

The instant Motion, as drafted, cannot succeed without contradicting the Indictment against Movant, "and that opportunity is foreclosed by the admissions inherent in [his] guilty plea[]." <u>Broce</u>, 488 U.S. 576.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Movant Howard Helfant's Motion To Vacate Sentence And Set Aside Guilty Plea By Person in Federal Custody Under 28 U.S.C. § 2255 (DE 1) be and the same is hereby **DENIED**; and

2. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __29th__ day of July, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record